UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SORAYA MARIA RIGOR,<br><br>  Plaintiff,<br><br>  v.<br><br>SACRAMENTO REGIONAL TRANSIT, et al.,<br><br>  Defendants. | No.  2:25-cv-00243-TLN-SCR<br><br><br>ORDER |

Plaintiff is proceeding pro se in this action, and accordingly the matter was referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. *See* 28 U.S.C. § 1915(a)(1)[1]. The motion to proceed IFP will therefore be granted. However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

I.  SCREENING

A.   Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally

---

[1] Plaintiff submitted the request on a state court form, but the Court will accept it given that it includes a statement of assets, income, and expenses and is signed under penalty of perjury.

1

"frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B.   The Complaint

The caption of Plaintiff's complaint lists four defendants: 1) Sacramento Regional Transit; 2) County of Sacramento; 3) City of Sacramento; and 4) United States. ECF No. 1 at 2-3. However, the body of the complaint lists Defendant No. 1 as "Sacramento Regional Transit and James Ferrell (employee)," so it is unclear if Mr. Ferrell is also an intended Defendant. Plaintiff's jurisdictional statement asserts jurisdiction is based on federal question, but when asked to list the federal law conferring jurisdiction, Plaintiff states: "I have proof of wrongful conviction." ECF No. 1 at 4. Then she also lists the Sixth, Eighth, and Fourteenth Amendments, and 18 U.S.C. § 242. *Id.*

Under the statement of facts, Plaintiff states: "I am innocent with proof yet cannot get the wrongful conviction off my record." *Id.* at 5. Plaintiff appears to state she was incarcerated for 15 days even though innocent, but "felony on my rap-sheet." *Id.* In the relief requested portion of the complaint, Plaintiff asks the Court to "please help me remove wrongful conviction (2008 case)." *Id.* at 6.

Attached to the complaint are legal memoranda and declarations from Plaintiff. Plaintiff claims that Transit Officer Ferrell lied under oath concerning a felony assault on Transit Officer Marketti that allegedly occurred on August 25, 2008. *Id.* at 9. Plaintiff refers to "15 days of wrongful arrest and incarceration." *Id.* at 11. Plaintiff claims she did not have a court hearing, or contact from counsel, nor was allowed a phone call during the 15 days. *Id.* at 11-12. Plaintiff refers to an "outrageous wrongful arrest" and also states the "conviction is available to public"

and matter of "court record." *Id.* at 14. Plaintiff's memorandum states that she seeks $110 million in damages for "unconscionable defamation." *Id.* at 19. Plaintiff appears to allege that she recently learned this 2008 incident was still on her record when it showed up on a "DOJ background check for a job." *Id.* at 21.

Portions of Plaintiff's attachments also reference a "second amended complaint" and appear to have been prepared as a "opposition to demurrer," perhaps in other litigation. *Id.* at 25, 26, 31. Plaintiff also attaches an unsigned declaration caption for the Sacramento County Superior Court. *Id.* at 33. The relief requested portion of the complaint is somewhat unclear. ECF No. 1 at 6. Plaintiff states "wrongful conviction should not deprive innocent of true character." *Id*. Plaintiff also states, "please help me remove wrongful conviction." *Id.*

C.  Analysis

Plaintiff's claim appears to be based on an allegedly wrongful state court conviction. Where a § 1983 action seeking damages alleges constitutional violations that would necessarily imply the invalidity of the conviction or sentence, the plaintiff must establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition, or through some similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483–87 (1994). *Heck*'s "favorable termination" rule applies regardless of the form of remedy sought, if the § 1983 action implicates the validity of an underlying conviction. *See Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997). Plaintiff has not alleged that her conviction was invalidated on appeal, vacated, or otherwise set aside, and appears to claim that her Constitutional rights were violated by the wrongful conviction. Such a civil rights claim, if allowed to proceed, would necessarily imply the invalidity of the conviction and be barred by *Heck*.

Plaintiff's complaint also alleges the wrongful conviction occurred in 2008. ECF No. 1 at 6. Thus, to the extent she complains of actions occurring in 2008, including a wrongful arrest or conditions of confinement, her claims appear to be time-barred as this action was not filed until 2025. "Section 1983 does not contain its own statute of limitations." *Flynt v. Shimazu*, 940 F.3d 457, 461 (9th Cir. 2019) (citation and internal quotation marks omitted). Because § 1983 contains no specific statute of limitations, federal courts borrow state statutes of limitations for

personal injury actions in § 1983 suits. *See Nance v. Ward*, 597 U.S. 159, 174 (2022) ("[A]ll § 1983 suits must be brought within a State's statute of limitations for personal-injury actions."). In California that period of limitations is two years. *See Holt v. County of Orange*, 91 F.4th 1013, 1018 (9th Cir. 2024). Accordingly, it appears the claims are untimely under the applicable two-year statute of limitations.

Additionally, Plaintiff also fails to state a claim under § 1983, in that she does not clearly allege how her constitutional rights were violated. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). A plaintiff alleging a claim under § 1983 must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). Plaintiff alleges violation of the Sixth, Eighth, and Fourteenth Amendments, and also 18 U.S.C. § 242. The Sixth Amendment provides rights to a criminal defendant in a criminal proceeding. Plaintiff does not allege an ongoing criminal prosecution, but rather that she was convicted in 2008. The Eighth Amendment prohibits cruel and unusual punishment and excessive bail and fines. Plaintiff has not alleged facts supporting an Eighth Amendment claim. Further, there is no private right of action under 18 U.S.C. § 242. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) ("We affirm the dismissal of Allen's claims under 18 U.S.C. §§241 and 242 because these are criminal statutes that do not give rise to civil liability."). This leaves only Plaintiff's due process claim. To state a Fourteenth Amendment procedural due process claim, a plaintiff must allege the deprivation of a constitutionally protected liberty or property interest. See *Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022) ("In order to analyze a procedural due process claim, we engage in a two-step analysis: First, we determine whether the inmate was deprived of a constitutionally protected liberty or property interest. Second, we examine whether that deprivation was accompanied by sufficient procedural protections.").

The Court concludes that Plaintiff fails to state a claim, but it is not absolutely clear that leave to amend would be futile. Plaintiff is proceeding pro se and "[a] district court should not

1  dismiss a pro se complaint without leave to amend unless it is absolutely clear that the
2  deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202,
3  1212 (9th Cir. 2012). Rather than recommending dismissal of the action, the undersigned will
4  provide Plaintiff an opportunity to amend the complaint to attempt to cure these defects.

## II.  AMENDING THE COMPLAINT

6  If plaintiff chooses to amend the complaint, the amended complaint must allege facts
7  establishing the existence of federal jurisdiction. In addition, it must contain a short and plain
8  statement of Plaintiff's claims. The allegations of the complaint must be set forth in sequentially
9  numbered paragraphs, with each paragraph number being one greater than the one before, each
10 paragraph having its own number, and no paragraph number being repeated anywhere in the
11 complaint. Each paragraph should be limited "to a single set of circumstances" where
12 possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their
13 complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor
14 (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

15 The amended complaint must not force the Court or the Defendant to guess at what is
16 being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996)
17 (affirming dismissal of a complaint where the district court was "literally guessing as to what
18 facts support the legal claims being asserted against certain defendants"). The amended
19 complaint should contain specific allegations as to the actions of each named defendant.

20 Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's
21 amended complaint complete. An amended complaint must be complete in itself without
22 reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended
23 complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline*
24 *Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint
25 supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice &
26 Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an
27 original complaint, each claim and the involvement of each defendant must be sufficiently
28 alleged.

6

Plaintiff's amended complaint must address the issues set forth herein. Plaintiff should clearly allege whether her 2008 conviction has been invalidated on appeal, vacated, or otherwise set aside. Plaintiff should also allege the date on which the conviction was set aside or vacated. Plaintiff should also clarify whether Mr. Ferrell is a defendant. If not, all the other defendants appear to be governmental entities, and in order to establish liability a plaintiff must show that a policy, custom, or practice was the moving force behind the constitutional violation. *See Hyun Ju Park v. City & County of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020) ("A municipality may be held liable as a 'person' under 42 U.S.C. § 1983 when it maintains a policy or custom that causes the deprivation of a plaintiff's federally protected rights."). Plaintiff has also named the United States as a defendant, but has not made factual allegations against it or pled a waiver of sovereign immunity. *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) ("It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued.").

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.
3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: May 15, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE