UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SORAYA MARIA RIGOR, | No. 2:25-cv-00243-TLN-SCR |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SACRAMENTO REGIONAL TRANSIT, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the Court is Plaintiff's response to the Order to Show Cause ("OSC"). The Court now recommends, pursuant to its screening obligation under Plaintiff 28 U.S.C. § 1915(e), that this action be dismissed for failure to state a claim.

**I. Background and Procedural History**

On January 17, 2025, Plaintiff filed a complaint and a motion to proceed in forma pauperis ("IFP"). ECF Nos. 1 and 2. On May 16, 2025, this Court issued an order granting IFP status and screened the complaint per the screening process required by 28 U.S.C. § 1915(e)(2). ECF No. 3. The Court found the complaint deficient in that it failed to state a claim and appeared to be time-barred and barred by *Heck v. Humphrey*, 512 U.S. 477, 483–87 (1994). The Court's

order provided Plaintiff 30 days to file an amended complaint that addresses the defects set forth in the order. ECF No. 3 at 7. Plaintiff did not timely file an amended complaint. On June 26, 2025, the Court issued an OSC directing Plaintiff to respond within 14 days. ECF No. 4. Plaintiff filed a written legal memo in response to the OSC. ECF No. 5. For the reasons set forth below, the response to the OSC confirms that Plaintiff fails to state a claim and that further leave to amend would be futile.

**II. Screening**

A. <u>Legal Standard</u>

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must

construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Erickson*, 551 U.S. at 94.  However, the court need not accept as true legal conclusions, even if cast as factual allegations.  *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B.  The Complaint

The caption of Plaintiff's complaint lists four defendants: 1) Sacramento Regional Transit; 2) County of Sacramento; 3) City of Sacramento; and 4) United States.  ECF No. 1 at 2-3.  However, the body of the complaint lists Defendant No. 1 as "Sacramento Regional Transit and James Ferrell (employee)," so it is unclear if Mr. Ferrell is also an intended Defendant.  Plaintiff's jurisdictional statement asserts jurisdiction is based on federal question, but when asked to list the federal statute, treaty, or constitutional provision conferring jurisdiction, Plaintiff states: "I have proof of wrongful conviction."  ECF No. 1 at 4.  Then she also lists the Sixth, Eighth, and Fourteenth Amendments, and 18 U.S.C. § 242.  *Id.*

Under the statement of facts, Plaintiff states: "I am innocent with proof yet cannot get the wrongful conviction off my record."  *Id.* at 5.  Plaintiff appears to state she was incarcerated for fifteen days even though innocent, but "felony on my rap-sheet."  *Id.*  In the relief requested portion of the complaint, Plaintiff asks the Court to "please help me remove wrongful conviction (2008 case)."  *Id.* at 6.

Attached to the complaint are legal memoranda and declarations from Plaintiff.  Plaintiff

3

claims that Transit Officer Ferrell lied under oath concerning a felony assault on Transit Officer Marketti that allegedly occurred on August 25, 2008. *Id.* at 9. Plaintiff refers to "15 days of wrongful arrest and incarceration." *Id.* at 11. Plaintiff claims she did not have a court hearing, or contact from counsel, nor was allowed a phone call during the 15 days. *Id.* at 11-12. Plaintiff refers to an "outrageous wrongful arrest" and also states the "conviction is available to public" and matter of "court record." *Id.* at 14. Plaintiff's memorandum states that she seeks $110 million in damages for "unconscionable defamation." *Id.* at 19. Plaintiff appears to allege that she recently learned this 2008 incident was still on her record when it showed up on a "DOJ background check for a job." *Id.* at 21.

Portions of Plaintiff's attachments also reference a "second amended complaint" and appear to have been prepared as a "opposition to demurrer," perhaps in other litigation. *Id.* at 25, 26, 31. Plaintiff also attaches an unsigned declaration caption for the Sacramento County Superior Court. *Id.* at 33. The relief requested portion of the complaint is somewhat unclear. ECF No. 1 at 6. Plaintiff states "wrongful conviction should not deprive innocent of true character." *Id*. Plaintiff also states, "please help me remove wrongful conviction." *Id.*

C.  Analysis

The Court's prior screening order stated that Plaintiff's claim appears to be based on an allegedly wrongful state court conviction. ECF No. 3 at 4. Where a § 1983 action seeking damages alleges constitutional violations that would necessarily imply the invalidity of the conviction or sentence, the plaintiff must establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition or through some similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483–87 (1994). *Heck*'s "favorable termination" rule applies regardless of the form of remedy sought, if the § 1983 action implicates the validity of an underlying conviction. *See Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997). Plaintiff has not alleged that her conviction was invalidated on appeal, vacated, or otherwise set aside, and appears to claim that her Constitutional rights were violated by the wrongful conviction. Such a civil rights claim, if allowed to proceed, would necessarily imply the invalidity of the conviction and be barred by *Heck*.

The Court's prior screening order also set forth that the claims that were not *Heck*-barred, appear to be time-barred. ECF No. 3 at 4-5. Plaintiff's complaint alleges the wrongful conviction occurred in 2008. ECF No. 1 at 6. Thus, to the extent she complains of actions occurring in 2008, including a wrongful arrest or conditions of confinement, her claims appear to be time-barred as this action was not filed until 2025. "Section 1983 does not contain its own statute of limitations." *Flynt v. Shimazu*, 940 F.3d 457, 461 (9th Cir. 2019) (citation and internal quotation marks omitted). Federal courts borrow state statutes of limitations for personal injury actions in § 1983 suits. *See Nance v. Ward*, 597 U.S. 159, 174 (2022) ("[A]ll § 1983 suits must be brought within a State's statute of limitations for personal-injury actions."). In California that period of limitation is two years. *See Holt v. County of Orange*, 91 F.4th 1013, 1018 (9th Cir. 2024). Accordingly, it appears the claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 483–87 (1994), and any claims arising in 2008 that are not *Heck* barred are untimely under the applicable two-year statute of limitations.

Additionally, Plaintiff fails to state a claim under § 1983, in that she does not clearly allege how her constitutional rights were violated. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). A plaintiff alleging a claim under § 1983 must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes. *See Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). Plaintiff's complaint alleges violation of the Sixth, Eighth, and Fourteenth Amendments, and also 18 U.S.C. § 242. The Sixth Amendment provides rights to a criminal defendant in a criminal proceeding. Plaintiff does not allege an ongoing criminal prosecution, but rather that she was convicted in 2008. The Eighth Amendment prohibits cruel and unusual punishment and excessive bail and fines. Plaintiff has not alleged facts supporting an Eighth Amendment claim. Further, there is no private right of action under 18 U.S.C. § 242. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) ("We affirm the dismissal of Allen's claims under 18 U.S.C. §§241 and 242 because these are criminal statutes that do not give rise to civil liability."). This leaves only Plaintiff's due process claim. To state a Fourteenth

Amendment procedural due process claim, a plaintiff must allege the deprivation of a constitutionally protected liberty or property interest. *See Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022) ("In order to analyze a procedural due process claim, we engage in a two-step analysis: First, we determine whether the inmate was deprived of a constitutionally protected liberty or property interest. Second, we examine whether that deprivation was accompanied by sufficient procedural protections.").

Plaintiff was advised that if she filed an amended complaint, it must address the defects pointed out in the screening order. Plaintiff was told she "should clearly allege whether her 2008 conviction has been invalidated on appeal, vacated, or otherwise set aside." ECF No. 3 at 7. If the conviction was set aside, Plaintiff was told to allege the date such occurred. *Id.* Plaintiff was also told to clarify whether Mr. Ferrell is a defendant. She was advised that all the other defendants appear to be governmental entities, and in order to establish liability a plaintiff must show that a policy, custom, or practice was the moving force behind the constitutional violation. *Id.*, citing *Hyun Ju Park v. City & County of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020) ("A municipality may be held liable as a 'person' under 42 U.S.C. § 1983 when it maintains a policy or custom that causes the deprivation of a plaintiff's federally protected rights.").

Plaintiff's response to the OSC serves to confirm that this action is a challenge to her 2008 conviction and is precluded by *Heck*. Plaintiff states on page 1 that "Defendants convicted me for a crime I did not commit." ECF No. 5 at 1. Plaintiff then states in the first sentence of her conclusion: "Plaintiff is challenging the Prosecutor's case against me on 8/25/2008." ECF No. 5 at 11. Plaintiff does not directly address the statute of limitations issue raised in the prior screening order, but repeatedly states that the actions she complains of occurred in 2008.

As Plaintiff was given the opportunity to file an amended complaint and did not file one, and as the response to the OSC confirms that the action is barred by *Heck* and the statute of limitations, the Court finds that further leave to amend would be futile. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend.").

### III.  CONCLUSION

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. The complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e) and without further leave to amend; and

2. The Clerk be directed to enter Judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 26, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE